IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SONYA WASHINGTON<br>327 Yorkshire Road<br>Cleveland Heights, Ohio 44118 | ) ) ) | CASE NO. 1:20-cv-149 |
| | ) | JUDGE: |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| | ) | **COMPLAINT FOR** |
| THE CLEVELAND CLINIC<br>FOUNDATION<br>c/o CT Corporation System<br>4400 Easton Commons Way<br>Suite 125<br>Columbus, Ohio 43219 | ) ) ) ) ) ) ) | **INJUNCTIVE RELIEF AND<br>DAMAGES**<br><br>(Jury Demand Endorsed<br>Hereon) |
| Defendant. | ) ) | |

Plaintiff, Sonya Washington, by and through undersigned counsel, as her Complaint against

Defendant, The Cleveland Clinic Foundation ("Cleveland Clinic"), states and avers the following:

**JURISDICTION AND VENUE**

1. This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331, 1343, and

   1367 for Washington's claims arising under 29 U.S.C. § 794 (Section 504 of the Rehabilitation

   Act of 1973 ("Section 504")); 42 U.S.C § 12101(a)(7) (Americans with Disabilities Act

   ("ADA")); 42 U.S.C. § 18116 (Section 1557 of the Patient Protection and Affordable Care Act

   ("ACA")).

2. Venue is properly in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2)

   because (a) the Defendant is located in this judicial district, and (b) a substantial part of the

   events or omissions giving rise to the Plaintiff's claims occurred within this judicial district.

## PARTIES

3.   Plaintiff Sonya Washington lives in Cleveland Heights, Ohio, less than five miles from Cleveland Clinic Express Care Clinic in Beachwood, Ohio ("Cleveland Clinic Express"). Ms. Washington is Deaf and uses ASL as her primary method of communication. Ms. Washington is an "individual with a disability" within the meaning of all applicable statutes and regulations. Ms. Washington has previously sought medical services at Cleveland Clinic and would use the healthcare services of Cleveland Clinic again if such services were made accessible to her.

4.   Defendant The Cleveland Clinic Foundation is a non-profit corporation duly organized and existing pursuant to the laws of the state of Ohio. Cleveland Clinic operates health care facilities throughout Cuyahoga County, Ohio, including Cleveland Clinic Express in Beachwood, Ohio, and holds itself out to the public, including Plaintiff, as a provider of medical care services.

5.   Cleveland Clinic is a recipient of federal financial assistance, including Medicare and/or Medicaid reimbursements, and Defendant is therefore subject to the requirements of Section 504 of the Rehabilitation Act, 29 U.S.C. § 794.

## FACTUAL ALLEGATIONS

6.   Washington incorporates by reference the allegations from the preceding paragraphs, as if fully re-alleged herein.

7.   Washington relies on ASL to effectively communicate with others, including when seeking medical care.

8.   ASL is a complete, complex language that employs signs made with the hands and other movements, including facial expressions and postures of the body. It is a language distinct

from English – it is not simply English in hand signals – and has its own vocabulary and rules for grammar and discourse structure.

9. Because of the difficulty many Deaf individuals experience reading and writing the English language, passing notes back and forth is not an effective means of communication under the ADA, Section 504, and the ACA.

10. Because Washington is Deaf, passing of written notes or being provided written instructions are not effective means of communication.

11. When Washington has sought medical treatment from Cleveland Clinic and other providers throughout her lifetime, she has relied on on-site ASL interpreters in order to communicate with health professionals and make informed medical decisions.

12. When Washington has sought medical treatment from Cleveland Clinic and other providers throughout her lifetime, she has refused to allow medical providers to utilize her minor children as ASL interpreters.

13. Washington's minor children are not ASL interpreters, and are particularly unequipped to interpret complex medical discussions.

14. Despite the fact that Washington's minor children are hearing, utilizing them as ASL interpreters against Washington's wishes violates the ADA, Section 504, and the ACA, and does not result in effective communication between Washington and medical providers.

15. On or about January 1, 2020, Washington sought medical care for two of her minor children, ages 8 and 17, who were dealing with prolonged illnesses.

16. Washington reached out to Cleveland Clinic Express via Sorenson video relay service two hours prior to arrival to request that Cleveland Clinic provide ASL interpretation services during the visit so Washington could be involved in the medical care of her ailing minor children.

17. Washington and her two minor children arrived at Cleveland Clinic Express during the afternoon of January 1, 2020.

18. After waiting to be seen by a medical provider, Washington was brought in a room with a nurse and her minor children.

19. The nurse was wearing a surgical mask covering her mouth and was unable to communicate at all with Washington.

20. Washington attempted multiple times to alert the nurse that Washington needed ASL interpretation so she could understand what was going on with the medical care of her two minor children.

21. The nurse refused to even acknowledge Washington's concerns and attempted to use Washington's minor daughter as an ASL interpreter despite Washington and her daughter's protestations that using a minor child as an ASL interpreter during the minor child's own medical care was unacceptable.

22. The nurse continued to ignore Washington as the examination of Washington's two minor children continued without Washington being permitted to participate.

23. The nurse left her surgical mask on throughout the entire examination of Washington's minor children, making it impossible for Washington to read the nurse's lips or facial expressions.

24. Instead of making even a cursory attempt to seek out ASL interpretation services, the nurse became outwardly hostile towards Washington.

25. Washington's daughter told the nurse that Washington "wants you to talk to her because she is the parent." The nurse responded, "yes, she is."

26. Later in the conversation, the nurse admonished Washington for attempting to communicate with the nurse and told Washington that Washington's minor daughter is translating for her.

27. When Washington's minor daughter responded that Washington felt she was not being respected, the nurse told Washington, "do not yell at me, please, no. You can't talk to me like

that."

28. Washington was not yelling or being aggressive and was simply generating sound because she unable to speak while simultaneously signing her concerns to her daughter about the discrimination and hostility she was facing for simply wanting to be involved in the medical care of her minor children.

29. The nurse, refusing to comprehend the intolerable situation Washington and her children were being placed in, declared that "I feel like, I don't feel comfortable, I really don't," and stormed out of the room mid-examination.

30. When a Cleveland Clinic doctor entered the room for examination of Washington's minor children, he attempted to communicate with Washington through passed written notes, which did not result in effective communication.

31. Washington continued to request ASL interpretation services and wrote a note on her phone that she was being ignored and needed the accommodation of an interpreter so she could participate in the medical care of her minor children.

## COUNT I
## SECTION 504 OF THE REHABILITATION ACT OF 1973, 29 U.S.C. § 701 et seq.

32. Washington incorporates by reference the allegations from the preceding paragraphs, as if fully re-alleged herein.

33. Washington is profoundly Deaf and her disability substantially limit one or more of her major life activities, including her ability to effectively communicate with others who are not fluent in ASL.

34. Washington is therefore considered to be an individual with a disability under Section 504 of the Rehabilitation Act, as amended.

35. Cleveland Clinic is a recipient of federal financial assistance by virtue of receipt of Medicare and Medicaid payments, as well as other financial assistance.

36. Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, requires that no qualified individual with a disability, on the basis of that disability, be excluded from participation in or be denied the benefit of the services, programs, activities, or to be otherwise discriminated against.

37. The doctors, nurses, and all other employees and staff of Cleveland Clinic who interacted with Washington had actual knowledge of her disability, yet, Washington was consistently denied any form of effective communication.

38. Accordingly, Cleveland Clinic discriminated against Washington in the equal use of its facilities, and as a result, Washington experienced mental anguish and humiliation in violation of her civil rights.

39. Cleveland Clinic failed to provide services to Washington as it would have provided a similarly situated hearing patient.

40. Cleveland Clinic's policies, practices, and procedures, particularly the actions and omissions described above, violated Washington's rights under Section 504 of the Rehabilitation Act by discriminating on the basis of a disability.

41. Cleveland Clinic has discriminated against Washington by failing to provide auxiliary aids and services necessary to ensure effective communication with individuals who are Deaf or hard of hearing in violation of Section 504 of the Rehabilitation Act, 29 U.S.C. § 794.

42. At all times material, the employees, staff, and agents of Cleveland Clinic would have been able to communicate effectively with Washington if Cleveland Clinic had provided qualified interpreter services.

43. Cleveland Clinic staff knew that Washington would be harmed by their failure to provide an interpreter.

44. As a result of Cleveland Clinic's actions, Washington has been damaged and experienced emotional suffering, pain, and anguish.

45. Cleveland Clinic's actions were intentional, with reckless disregard, and with deliberate

indifference to the rights and needs of Washington.

## COUNT II
## TITLE III OF THE AMERICANS WITH DISABILITIES ACT, 42 U.S.C. § 12181 et seq.

46. Washington incorporates by reference the allegations from the preceding paragraphs, as if fully re-alleged herein.

47. Washington's profound Deafness substantially limits her major life activities, including her ability to effectively communicate.

48. Washington is an individual with a disability under Title III of the Americans with Disabilities Act.

49. Washington meets the essential eligibility requirements for Cleveland Clinic services at all times material hereto.

50. Washington will likely return to Cleveland Clinic premises in the near future and will be harmed by Cleveland Clinic discriminatory policies and procedures.

51. Cleveland Clinic violated Title III of the Americans with Disabilities Act in numerous ways, including discriminatory actions which occurred when Cleveland Clinic:

    a. Failed to maintain policies and procedures to ensure compliance with Title III of the Americans with Disabilities Act, specifically policies that provide equal access and effective communication to individuals with disabilities, 28 C.F.R. § 36.303(a) (2010);

    b. Failed to ensure that communications with Washington was as effective as communications with non-disabled patients, 28 C.F.R. § 36.303(a) (2010);

    c. Failed to provide auxiliary aids and services, including a qualified interpreter, and to modify policies and procedures to prevent discrimination against Plaintiff, 28 C.F.R. § 36.303(a) (2010), 28 C.F.R. § 36.302(a) (2010);

    d. Excluded Washington from services of the public entity and denied Washington the benefit of these services due to her disabilities, 28 C.F.R. § 36.202(a) (2010).

7

52. Cleveland Clinic had knowledge of its obligations under the Americans with Disabilities Act and was deliberately indifferent to the rights of Washington.

53. Cleveland Clinic knew that Washington would be harmed by their failure to provide an interpreter.

**COUNT III**
**SECTION 1557 OF THE PATIENT PROTECTION AND AFFORDABLE CARE ACT, 42 U.S.C. § 18116**

54. Washington incorporates by reference the allegations from the preceding paragraphs, as if fully re-alleged herein.

55. At all times relevant to this action, Section 1557 of the Patient Protection and Affordable Care Act ("Section 1557"), was in full force and effect and applied to Cleveland Clinic conduct.

56. At all times relevant to this action, Section 1557, 42 U.S.C. § 18116, incorporated the definition of disability in the Rehabilitation Act, 29 U.S.C. § 705(9).

57. At all times relevant to this action, Washington had substantial limitations to the major life activity of hearing and speaking, and was an individual with a disability within the meaning of the Rehabilitation Act, 29 U.S.C. § 705(9) and Section 1557, 42 U.S.C. § 18116.

58. At all times relevant to this action, Washington's primary language for communication was ASL and not English; and Washington had limited ability to read, write, speak, or understand English, and was an individual with limited English proficiency within the meaning of Section 1557, 45 C.F.R. § 92.4.

59. At all times relevant to this action, Cleveland Clinic received federal financial assistance, including Medicaid reimbursements, and was principally engaged in the business of providing health care. Therefore, Cleveland Clinic is a health program or activity receiving federal financial assistance pursuant to 42 U.S.C. § 18116(a).

60. Pursuant to Section 1557, "an individual shall not, on the grounds prohibited...under section 504 of the Rehabilitation Act of 1973 (29 U.S.C. § 794), be excluded from participation in, be

8

denied the benefits of, or be subjected to discrimination under, any health program or activity, any part of which is receiving Federal financial assistance . . ." 42 USC § 18116.

61. Cleveland Clinic has discriminated and continues to discriminate against Washington solely on the basis of Washington's disabilities and her limited English proficiency denying him meaningful access to the services, programs, and benefits Cleveland Clinic offers to other individuals by refusing to provide auxiliary aids and services necessary to ensure effective communication in violation of Section 1157, 42 U.S.C. § 18116.

62. Cleveland Clinic discriminated against Washington by failing to ensure effective communication through the providing of qualified sign language interpreters.

63. As set out above, absent injunctive relief there is a clear risk that Cleveland Clinic's actions will recur again with Washington and other Deaf patients and family members.

64. Washington is therefore entitled to seek and recover compensatory damages for the injuries and loss she sustained as a result of Cleveland Clinic intentionally discriminatory conduct as alleged, pursuant to 42 U.S.C. § 18116(a).

65. Washington is further entitled to an award of attorney's fees, costs, and disbursements pursuant to 42 U.S.C. § 18116(a) and/or common law.

**WHEREFORE,** Washington respectfully prays that this Court grant the following relief against Cleveland Clinic, including entering a declaratory judgment, pursuant to Rule 57 of the Federal Rules of Civil Procedure, stating that Cleveland Clinic practices, policies, and procedures have subjected Washington to discrimination in violation of Section 504 of the Rehabilitation Act and Title III of the Americans with Disabilities Act, and permanently enjoin Cleveland Clinic from any practice, policy, and/or procedure which will deny Washington equal access to and benefit from Cleveland Clinic's services, or which deny Washington effective communication with Cleveland Clinic. This includes entering a permanent injunction ordering Cleveland Clinic:

a. To immediately begin providing Washington with interpreters to ensure she receives adequate healthcare for any other medical issues;

b. To cease discrimination against Washington and all other Deaf or hard of hearing patients;

c. To promulgate and comply with policies and procedures to ensure that Cleveland Clinic and their staff do not discriminate against individuals who are Deaf or hard of hearing;

d. To promulgate and comply with procedures to ensure that Cleveland Clinic will provide and pay for interpreter services when needed by individuals who are Deaf or hard of hearing in all services offered by Cleveland Clinic;

e. To promulgate and comply with procedures to ensure that Cleveland Clinic will notify individuals who are Deaf or hard of hearing of their right to effective communication. This notification will include posting explicit and clearly worded notices that state that Cleveland Clinic will provide ASL interpreters and/or other communication services that ensure effective communication with Deaf or hard of hearing persons;

f. Award compensatory damages to Washington;

g. Award reasonable costs and attorneys' fees; and

h.  Award any and all other relief that may be necessary and appropriate.

Respectfully Submitted,

/s/ *Sean H. Sobel*
Sean H. Sobel (0086905)
Sobel, Wade & Mapley, LLC
2460 Fairmount Boulevard, Suite 314
Cleveland, Ohio 44106
T: (216) 223-7213
F: (216) 223-7213
sobel@swmlawfirm.com

/s/ *Andrew November*
Andrew November (0085018)
Liner Legal, LLC
4269 Pearl Road, Suite 104
Cleveland, Ohio 44109
T: (216) 282-1773
F: (216) 920-9996
anovember@linerlegal.com

*Counsel for Plaintiff Sonya Washington*

## **JURY DEMAND**

Plaintiff Sonya Washington demands a trial by jury by the maximum number of jurors permitted.

/s/ *Sean H. Sobel*
Sean H. Sobel (0086905)

*Counsel for Plaintiff Sonya Washington*